GEO. RUPP V. PHILLIPS ET AL., TRUSTEES.

SUBSEQUENT ACQUIRED RELATIONS NOT AFFECTED.

Effect of the judgment of the Supreme Court in a proceeding in error, to reverse the
judgment of the district court, where the reviewing court proceeds to render the judg-
ment the trial court should have rendered, on rights acquired by the parties after the
judgment in the district court.

SMITH, J.

In this case two questions arise and have been argued, viz:    First,  whether
the judgment of the Supreme Court of Ohio, rendered at the January term thereof,
1885, in an action in which all of the parties to this suit were before that court,
finding that Mrs. Phillips was entitled at any time to take certain property at the
appraisement, and, upon payment, to become entitled to the immediate possession
thereof, is binding upon the parties to such suit.   Or whether as claimed by the
counsel for the plaintiff here, so much of said judgment as was entirely outside of
the issues made in the original case, was not properly before the court for decision,
and is therefore not binding.

And second, if the question *was* properly passed upon by the Supreme Court,
how far it is *now* binding upon the parties to such case, in view of the decree of
the court of common pleas of this county made in 1883, in a case in which
Mrs. Phillips was the plaintiff, and Rupp was the defendant.

A brief recital of the facts is necessary to a proper understanding of these
questions.   In 1879, Mrs. Phillips filed in the court of common pleas of Butler
county her petition against Rupp and the trustees of the said Universalist church,
alleging her right, under a certain contract made between her ancestor, McBride,
and the grantors of said defendants, to have certain real estate in Hamilton, or
rather the buildings and improvements thereon, appraised as specifically pointed
out in said contract, and if she elected so to do, to pay the value thereof and then
become the sole owner of the real estate and the improvements thereon.    That
the contract provided that this appraisement was to be made by a board, one of
whom was to be selected by the original lessor, McBride, or his legal representa-
tives, and the other by the other parties to the contract, or their legal representa-
tives, and the two thus selected were to chose a third.  That Rupp, by assignment,
was in possession, and claimed the lower story of the building, and the trustees
of said church were in possesion and claimed the second story thereof, which was
used as their church building.    That each of said parties claimed to be the one
entitled to select the appraisers, and that if Mrs. Phillips elected to purchase the
building at the appraisement, both parties claimed the whole of the purchase
price.    That she could come to no agreement with them, and she therefore sought
to have them interplead, that her and their respective rights in the premises
might be adjudicated by the court.

Answers were accordingly filed by the defendants setting up their respective
claims, and a decree of the common pleas was entered in favor of Rupp.    On ap-
peal to the district court, substantially the same decree was entered in April, 1881.

No petition in error to reverse this judgment was filed to the Supreme Court
for nearly two years; and before it was done, Mrs. Phillips commenced an action
in the court of common pleas of this county against Rupp alone, to have an ap-
praisement of the improvements made so that she might exercise her election.

5    C  C    1

A decree was accordingly entered and the improvements appraised, and by a subsequent decree, it was adjudged that unless Mrs. Phillips should, within 30 days, pay to Rupp the appraised value of said improvements, that she was to be barred from taking them under that appraisement by the court—if she did pay it she was to be entitled to the property—if not, that Rupp was to continue to occupy his part at a fixed rent. There were other provisions in this decree relating to the future appraisement of the improvements, and as to the meaning of which counsel here differ—the claim of the counsel for Rupp being, that if Mrs. Phillips did not pay the valuation fixed by the court within 30 days, that by the terms of the decree Rupp was to be entitled to hold the property at a fixed rent until 1889, which construction of the decree is denied by counsel on the other side.

Mrs. Phillips did not pay the appraised value within the 30 days fixed by that decree, and in 1885, the Supreme Court in the error case before mentioned, reversed the judgment of the district court, and proceeded to render the judgment it found that court ought to have rendered, viz.: That as between Rupp and the trustees of said church, the latter were entitled to join in the selection of appraisers, and on the election of Mrs. Phillips to pay for the improvements, they were entitled to receive the money. It further adjudged that Mrs. Phillips was entitled at any time to have such appraisement made and to make her election, and, on her payment of the money, full possession of the property was to be rendered to her by the said trustees and by Rupp.

The action now before this court is one in which Rupp seeks to enjoin the carrying into effect the judgment of the Supreme Court on the grounds stated. He alleges that an appraisement has been made and the money paid by Mrs. Phillips to the trustees, and that she is attempting to get possession of his part of the premises by proceeding in forcible detainer, and he seeks to enjoin this proceeding and have the court adjudge that he is entitled to the possession of the premises until 1889 for the reasons stated.

As to the first of these points, we find from a consideration of the evidence offered, that the questions which were adjudicated by the Supreme Court, as to the title of these parties and the right of Mrs. Phillips to have an appraisement of the improvements made at any time, and to elect to take them, were properly before the court, and the judgment as entered was binding upon the parties and upon this court.

As to the second point, we are entirely in accord with the views of the counsel for the plaintiff here as to the *law* of the case. That is, the district court having made a decision as to the rights of these parties in 1881, and the case having gone on error to the Supreme Court on the evidence produced on that trial, and the parties, having had no hearing in the Supreme Court as to any rights acquired after 1881, that the judgment of the Supreme Court speaks as of the date of the judgment reviewed, and fixes the rights of the parties as they were at the date of the decree in 1881, and, as a consequence, as they were at the date of the judgment in the Supreme Court, unless such rights have, in some way, been changed since the decree of 1881. Of course, if Rupp and Mrs. Phillips had, after the date of the decree in the district court, changed their rights as to each other—as if, for instance, he had bought out her entire right to the property, or if by force of a valid decree of a court, the rights of the parties in other respects had been adjudicated and changed, the decision of the Supreme Court ought not and would not operate to divest said rights so acquired. 25 N. Y., 616. Freeman on Judgments, 329, 330.

But while this is conceded, on examination of the decree of 1883, we see nothing in it which gives to Rupp any other or different rights to this property than he had in 1881, at the time of the decree of the district court, or that gives to him any right to the use of it until 1889. On the contrary, we think it clear from the terms of the decree itself, that the right of Mrs. Phillips to have the

appraisement made, and to make an election to take it, and on payment of the money to become immediately entitled to the whole property, at any time, is expressly granted and conceded.

The petition is therefore dismissed with costs.

Thomas Millikin, for plaintiff.

Morey, Andrews & Morey, for defendants.

---

112                        RAILWAY LAW—PRACTICE.

[Butler Circuit Court, September Term, 1885.]

Smith and Stewart, JJ.

(Judge Stewart, of the Second Circuit, taking the place of Judge Cox. Judge Swing not sitting.)